UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nelda Kellom, as Personal Representative
of the Estate of Terrance Kellom, deceased,

    Plaintiff,

v.                                            Case No. 17-11084

Immigration and Customs Enforcement     Sean F. Cox
Agent Mitchell Quinn, *et al.*,                  United States District Court Judge

    Defendants.
_____/

## **OPINION & ORDER GRANTING**
## **DEFENDANT QUINN'S MOTION FOR PARTIAL DISMISSAL**

Plaintiff is the Personal Representative of a man who was killed when a United States Marshal Detroit Fugitive Apprehension Team was attempting to arrest him at a house in Detroit, Michigan. Plaintiff sued three Defendants in this action, two officers employed by the City of Detroit Police Department and a federal agent, Immigration and Customs Enforcement Agent Mitchell Quinn. The matter is currently before the Court on a Motion for Partial Dismissal filed by Defendant Quinn alone. The matter has been briefed and the Court heard oral argument on March 22, 2018. During oral argument, the parties agreed that the Court should enter a stipulated order that substitutes the United States Government for Defendant Quinn for purposes of Count IV and should dismiss Count IV against Defendant Quinn with prejudice. Thus, the third issue presented in the motion was mooted by that stipulation. As explained below, the Court shall GRANT the remaining portion of Defendant Quinn's Motion for Partial Dismissal. Thus, the Court shall: 1) grant the motion to the extent the Court dismisses that portion of Count

1

I that asserts a claim against Defendant Quinn based upon an alleged violation of the Fourteenth Amendment; and 2) grant the motion as to Count III of the Complaint, which is brought under § 1983 alone.

**BACKGROUND**

On April 6, 2017, Plaintiff Nelda Kellom, as Personal Representative of the Estate of Terrance[1] Kellom, Deceased, filed this action. The complaint names the following Defendants: 1) Immigration and Customs Enforcement Agent Mitchell Quinn; 2) Detroit Police Officer Darell Fitzgerald; and 3) Detroit Police Officer Treva Eaton. Plaintiff's Complaint includes the following four counts: 1) "*Bivens* Claim" (Count I); 2) "42 U.S.C. § 1983 – Excessive Force and/or Unlawful Use of Deadly Force" (Count II); 3) "§ 1983 Conspiracy by Defendants" (Count III); and 4) "Wrongful Death [under] Michigan Wrongful Death Act, Mich. Comp. Laws § 600.2922 *et seq*," (Count IV).

Plaintiff's Complaint includes the following allegations. Plaintiff Nelda Kellom is the mother and Personal Representative of the Estate of Terrance Kellom, deceased. (Compl. at ¶ 9).

At all relevant times, Defendant Quinn has been "a federal law enforcement agent employed by Immigration and Customs Enforcement, a federal agency organized and existing under the laws of the United States." (*Id*. at ¶ 11).

At all relevant times, Defendants Fitzgerald and Eaton were police officers employed by the City of Detroit. (*Id*. at ¶ 12).

On April 27, 2015, all three Defendants "were participants of the US Marshall Detroit

---

[1] In the Complaint, Plaintiff's Counsel spells the decedent's first name as "Terrance" in the caption of the complaint and most paragraphs but, in other paragraphs, spells it "Terrence." (*See, e.g.*, ¶ 14). This Memorandum will use the spelling used in the caption.

Fugitive Apprehension Team (DFAT)," a "joint venture of multiple police agencies." (*Id*. at ¶ 15-16). On that date, the DFAT went to a house located on Evergreen in Detroit that was owned by Terrance Kellom's father. (*Id*. at ¶ 17-18). Plaintiff alleges that while at the house on that date, Terrance "was shot and killed by ICE agent Mitchell Quinn." (*Id*. at ¶ 14).

In Count I, titled "*Bivens* Claim" and asserted against all three Defendants, Plaintiff alleges that "Defendants Quinn, Fitzgerald, and Eaton, *acting under color of federal law based on their positions as officers with the U.S. Marshals Service Detroit Fugitive Apprehension Team* (the "DAFT"), knowingly and individually violated Plaintiff's constitutional rights through, inter alia, causing the above-described attack and fatal shooting of Terrance, without legal justification." (*Id*. at ¶ 42) (emphasis added). In that count, Plaintiff alleges that the Defendants violated Terrence's: 1) "rights under the Fourth Amendment to the United States Constitution to be secure in his person against, unreasonable search and seizure, excessive force, and the unlawful and deadly use of force under the Fourteenth Amendment to the United States Constitution, and caused the injuries set forth above." (*Id*. at ¶ 43). It further alleges that "[f]aced with circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers would or should have known that the actions of Defendants resulting in the deadly force described herein violated Terr[a]nce Kellom's clearly established Fourteenth Amendment liberty interest in bodily integrity as well as protection from unlawful search and seizure, unnecessary force, and excessive force pursuant to the Fourth Amendment to the United States Constitution." (*Id*. at ¶ 47). "Plaintiff seeks an award of compensatory damages and punitive damages against Defendants, individually, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as a result of their actions in

deprivation of Plaintiff's constitutional rights." (*Id*. at ¶ 48).

In Count II, Plaintiff asserts a § 1983 excessive/deadly force claim against Defendants Fitzgerald and Eaton, but not against Defendant Quinn.

In Count III, Plaintiff asserts a § 1983 Conspiracy claim against all three Defendants, alleging that they conspired to conceal the true facts of how Terrance was shot and killed on the day of the events.

In Count IV, Plaintiff asserts a wrongful death claim under Mich. Comp. Laws § 600.2922 and it appears to be asserted against all three Defendants.

On October 16, 2017, Defendant Quinn filed a Motion for Partial Dismissal, brought pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

When Plaintiff failed to file a response within the time permitted for doing so, this Court issued an Order to Show Cause why the unopposed motion should not be granted, requiring a response by November 17, 2017. (D.E. No. 14). In response to that order, on November 17, 2017, Plaintiff's Counsel filed a brief opposing the pending motion.

**ANALYSIS**

**I. Is Defendant Quinn Entitled To Qualified Immunity As To Part Of Count I And As To III?**

Under the doctrine of qualified immunity, governmental officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights. *Jones v. Byrnes*, 585 F.3d 971, 974 (6th Cir. 2009); *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 1) whether, viewing the facts in the light most favorable to the plaintiff, the

plaintiff has shown that a constitutional violation occurred; and 2) whether the right was "clearly established" at the time of the violation. *Harris v. City of Circleville,* 583 F.3d 356, 365 (6th Cir. 2009).

The doctrine of qualified immunity is an affirmative defense that applies to both *Bivens* and § 1983 claims. *Robertson v. Lucas*, 753 F.3d at 614-15.

"[A] qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss." *English v. Duke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The Supreme Court, however, has reiterated that questions of qualified immunity should be resolved at the earliest possible stage in the litigation or the "'driving force' behind the immunity – avoiding unwarranted discovery and other litigation costs – will be defeated." *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223).

"Qualified immunity is an affirmative defense, and a defendant bears the burden of pleading it in the first instance." *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). "Once the defendant raises a qualified-immunity defense, the burden shifts to the plaintiff to demonstrate" both that the challenged conduct violated a constitutional right and that the right was clearly established. *Id*. Moreover, it is well established that when there is more than one individual defendant in a case, "[e]ach defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Here, Defendant Kellom asserts that he is entitled to qualified immunity as to part of Count I and as to Count III.

**A.    Part Of Count I**

In Count I, Plaintiff asserts a *Bivens* claim against all three Defendants, based upon: 1) a violation of the Fourth Amendment; and 2) a violation of the Fourteenth Amendment.

In the pending motion, Defendant Quinn states that, at this juncture, he "does not seek dismissal as to Count I, to the extent it relies on the Fourth Amendment." (Def.'s Br. at 7 n.3). But, to the extent that Count I is based upon the Fourteenth Amendment, Defendant Quinn asserts he is entitled to dismissal of that portion of Count I, because the Fourteenth Amendment only applies to the states and he was acting under color of federal (not state) law. Quinn's motion therefore asserts that Plaintiff does not state a constitutional violation under the Fourteenth Amendment against Quinn, who is therefore entitled to qualified immunity as to that portion of Count I. His motion explains:

> In Count I, Plaintiff relies on both the Forth and Fourteenth Amendments. The first section of the Fourteenth Amendment, however, provides in relevant part:
>> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection fo the laws.
>
> Thus, the Fourth Amendment applies to state, but not federal, action. *See e.g., Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982) (emphasizing importance of state action) (citations omitted).
> Plaintiff recognizes that Defendant Quinn is a federal agent and a member of a federal fugitive task force. (Ex. 1 at ¶¶ 11,15, 42). Thus, even in a light most favorable to Plaintiff, she cannot state a constitutional violation under the Fourteenth Amendment against Defendant Quinn, who is consequently entitled to qualified immunity on that claim. . .

(Def.'s Br. at 6-7).

In response, Plaintiff disputes this issue in the "Issues Presented" portion of her brief. But the body of Plaintiff's response brief does not explain how Plaintiff believes that Quinn, a

6

federal agent who Plaintiff alleges was acting under color of federal law, can be found liable under the Fourteenth Amendment for purposes of Count I. Moreover, Plaintiff's counsel has not directed the Court to any Sixth Circuit authority that would support his assertion that Defendant should be deemed to have been acting as both a federal officer and a state officer under the facts alleged here.

As such, the Court rules in Defendant Quinn's favor that, with respect to that portion of Count I that is based upon a violation of the Fourteenth Amendment, Defendant Quinn is entitled to qualified immunity. But Count I will still remain as to Defendant Quinn, to the extent that it alleges that Quinn violated the decedent's Fourth Amendment rights.

### B. Count III ("§ 1983 Conspiracy")

Section 1983 of Title 42 of the United States Code provides for a civil cause of action for persons "who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of *state law*." *Gillis v. Miller*, 845 F.3d 677, 693 (6th Cir. 2017) (emphasis added).

In Count III, Plaintiff asserts a "§ 1983 Conspiracy" claim against all three Defendants, including Defendant Quinn.

In Defendant Quinn's Motion for Partial Dismissal, he notes that the conspiracy count is brought under § 1983, which applies to those acting under color of state (not federal) law. Defendant Quinn asserts that he is entitled to qualified immunity as to Count III because, as Plaintiff's own complaint acknowledges, Quinn was a federal officer acting under federal law on the day in question.

In response to the Court's inquiry, Plaintiff's Counsel confirmed, on the record at the

7

March 22, 2018 hearing, that Count III is brought under § 1983 alone.

The Court agrees with Defendant Quinn that he is entitled to qualified immunity as to Count III.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Quinn's Motion for Partial Dismissal is GRANTED.

IT IS FURTHER ORDERED that the Court DISMISSES, as to Defendant Quinn alone, that portion of Count I that alleges a violation of the Fourteenth Amendment. That portion of Count I that alleges a violation of the Fourth Amendment remains pending against Defendant Quinn.

IT IS FURTHER ORDERED that Count III is DISMISSED as to Defendant Quinn.

IT IS SO ORDERED.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: March 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2018, by electronic and/or ordinary mail.

        s/Jennifer McCoy
        Case Manager