# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NELDA KELLOM, as personal
representative of the estate of
TERRANCE KELLOM, deceased,

        Plaintiff,

v.

MITCHELL QUINN, Immigration and
Customs Enforcement Agent,

        Defendant.

Civil No. 17-cv-11084

Hon. Sean F. Cox
Mag. Anthony P. Patti

| AYAD LAW, PLLC | US ATTORNEYS OFFICE |
|---|---|
| Nabih H. Ayad (P59518) | Brandon C. Helms |
| 645 Griswold Suite 2202 | Assistant United States Attorney |
| Detroit, MI 48226 | 211 W. Fort Street, Suite 2001 |
| P: (313) 983-4600 | Detroit, MI 48226 |
| F: (313) 983-4665 | T: (313) 226-9639 |
| ayadlaw@hotmail.com | brandon.helms@usdoj.gov |

### PLAINTIFFS' MOTION *IN LIMINE* TO PROHIBIT ARGUMENT AND TESTIMONY NAMING THE DETROIT FUGITIVE APPREHENSION TEAM PURSUANT TO FED. R. EVID. 403

NOW COMES Plaintiffs, by and through their attorneys at Ayad Law, PLLC, and hereby moves this honorable Court to prohibit Defendant, Defendant's counsel, and Defendant's witnesses from naming the federal task force, the Detroit Fugitive Apprehension Team, during their arguments and testimony.

1

The term 'fugitive' carries with it many negative connotations which will mislead the jury, and which should be prohibited pursuant to the Federal Rules of Evidence, Rule 403.

Plaintiffs' counsel sought concurrence on this Motion and Defendant's counsel did not concur.

Plaintiffs rely on the attached brief in support of this Motion.

Respectfully submitted,

AYAD LAW, PLLC

*/s/Nabih H. Ayad*
Nabih H. Ayad (P59518)
645 Griswold Suite 2202
Detroit, MI 48226
P: (313) 983-4600
F: (313) 983-4665
ayadlaw@hotmail.com

Dated: June 28, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELDA KELLOM, as personal
representative of the estate of
TERRANCE KELLOM, deceased,

        Plaintiff,

v.

MITCHELL QUINN, Immigration and
Customs Enforcement Agent,

        Defendant.

Civil No. 17-cv-11084

Hon. Sean F. Cox
Mag. Anthony P. Patti

| AYAD LAW, PLLC<br>Nabih H. Ayad (P59518)<br>645 Griswold Suite 2202<br>Detroit, MI 48226<br>P: (313) 983-4600<br>F: (313) 983-4665<br>ayadlaw@hotmail.com | US ATTORNEYS OFFICE<br>Brandon C. Helms<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>T: (313) 226-9639<br>brandon.helms@usdoj.gov |
|---|---|

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PROHIBIT ARGUMENT AND TESTIMONY NAMING THE DETROIT FUGITIVE APPREHENSION TEAM PURSUANT TO FED. R. EVID. 403**

    Plaintiffs hereby state the following in support of their Motion *in Limine* to Prohibit Argument and Testimony naming the Detroit Fugitive Apprehension Team:

## INTRODUCTION

This is a civil rights action stemming from the fatal shooting of 22-year old Terrance Kellom by Immigrations and Customs Enforcement Agent Mitchell Quinn that occurred in the City of Detroit in the afternoon hours of April 27, 2015. As a direct and proximate result of the actions and inactions of Defendant, Terrance Kellom was deprived of his civil and Constitutional rights and endured physical and emotional pain and suffering, and death. Plaintiffs seek compensatory and punitive damages, reasonable attorney fees, and litigation costs.

## STANDARD OF REVIEW

Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Courts of Appeals review a district court's ruling on a motion *in limine* for an abuse of discretion. *Burley v. Gagacki*, 729 F.3d 610, 620 (6th Cir. 2013); *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir.2012). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the trial court committed a clear error of judgment." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014), quoting *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir.2008).

# ARGUMENT

I. **Naming the Detroit Fugitive Apprehension Team Will Cause Prejudice to Plaintiffs, Confusion to the Jurors, and a Needless Waste of Time in Trial under Federal Rules of Evidence Rule 403.**

   *a. The Word Fugitive will Confuse and Mislead the Jury.*

Terrance Kellom had been in contact with his probation officer mere days before his killing, and was planning to turn himself in for violating his probation as soon as his unborn daughter was born. Additionally, there is no evidence that Terrance was aware of a warrant being out for his arrest for the alleged robbery of a pizza deliver person. Accordingly, the jury should not be presented with the name of the federal task force which attempted to apprehend Terrance, the Detroit **Fugitive** Apprehension Team ("DFAT").

Instead, DFAT could be referenced as simply 'the federal task force' or 'the team' with absolutely no risk of prejudice to Defendant. The fact that Defendant will not be prejudiced at all by the exclusion of the joint task force being named is indisputable while the fact that Plaintiffs **will** be prejudiced by it is indisputable. These facts alone should preclude the naming of the task force during trial.

   *b. The Word Fugitive will Prejudice Plaintiffs with the Jury and Waste Trial Time.*

The negative connotations that accompany the word 'fugitive' will unduly prejudice Terrance, and therefore the Plaintiffs, in the jury's eyes. A fugitive is

5

someone who has already attempted to escape or evade law enforcement, and it is likely a jury would incorrectly infer that Terrance was 'armed and dangerous' or would resist apprehension by any means necessary. In fact, Terrance had only failed to meet his probation requirements, which is wholly different from the negative connotations people would normally associate with a joint fugitive apprehension team. Terrance was not

If Defendant, Defendant's counsel, or Defendant's witnesses do mention the Fugitive Apprehension Team as part of their argument or testimony, then Plaintiffs' counsel will be forced to waste the Court's time trying to neutralize the negative effects of the word 'fugitive.' This will likely be 1) impossible as 'the bell could not be unrung' and 2) wastefully time-consuming. Were the jurors to hear that it was the Detroit Fugitive Apprehension Team, they would only be able to conclude that Terrance Kellom was a fugitive, fleeing already fleeing from and evading law enforcement. This is inaccurate as will severely prejudice the Plaintiffs.

## CONCLUSION

WHEREFORE, Plaintiffs ask this honorable Court to GRANT their Motion *in Limine* and order the following:

a. That Defendant and Defendant's counsel are prohibited from naming the Detroit Fugitive Apprehension Team during trial;

b. That Defendant's counsel must instruct any witness they place on the stand that they are prohibited from naming the Detroit Fugitive Apprehension Team during trial; and

c. Any other relief this Court deems equitable and just.

    Respectfully submitted,

    AYAD LAW, PLLC

    */s/Nabih H. Ayad*
    Nabih H. Ayad (P59518)
    645 Griswold Suite 2202
    Detroit, MI 48226
    P: (313) 983-4600
    F: (313) 983-4665
Dated: June 28, 2019    ayadlaw@hotmail.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on June 28, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all counsel of record:

Brandon C. Helms
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
T: (313) 226-9639
brandon.helms@usdoj.gov

                                              Respectfully submitted,

                                              */s/Nabih H. Ayad*
                                              Nabih H. Ayad (P59518)
                                              645 Griswold Suite 2202
                                              Detroit, MI 48226
                                              P: (313) 983-4600
                                              F: (313) 983-4665
Dated: June 28, 2019                      ayadlaw@hotmail.com