UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NELDA KELLOM, as personal
representative of the estate of
TERRANCE KELLOM, deceased,

        Plaintiff,

v.

MITCHELL QUINN, Immigration and
Customs Enforcement Agent,

        Defendant.

Civil No. 17-cv-11084

Hon. Sean F. Cox
Mag. Anthony P. Patti

| AYAD LAW, PLLC | US ATTORNEYS OFFICE |
|---|---|
| Nabih H. Ayad (P59518) | Brandon C. Helms |
| 645 Griswold Suite 2202 | Assistant United States Attorney |
| Detroit, MI 48226 | 211 W. Fort Street, Suite 2001 |
| P: (313) 983-4600 | Detroit, MI 48226 |
| F: (313) 983-4665 | T: (313) 226-9639 |
| ayadlaw@hotmail.com | brandon.helms@usdoj.gov |

## PLAINTIFFS' MOTION FOR AN ORDER CERTIFYING THE COURT'S OPINION AND ORDER OF MAY 21, 2019 AS APPEALABLE PURSUANT TO FED. R. CIV. PRO. 54(b)

NOW COMES Plaintiffs, by and through their attorneys at Ayad Law, PLLC, and hereby moves this honorable Court to enter an order certifying the Court's partial final judgement of May 21, 2019 (ECF No. 112), regarding individual Plaintiff Nelda Kellom's wrongful death claim dismissed pursuant to the Federal Torts Claims Act as immediately appealable.

1

2

Plaintiffs' counsel sought concurrence on the above motion and Defendant's counsel informed Plaintiff's that they oppose the current motion.

Plaintiffs rely on the attached brief in support of this Motion.

                              Respectfully submitted,

                              AYAD LAW, PLLC

                              */s/Nabih H. Ayad*
                              Nabih H. Ayad (P59518)
                              645 Griswold Suite 2202
                              Detroit, MI 48226
                              P: (313) 983-4600
                              F: (313) 983-4665
Dated: July 9, 2019              ayadlaw@hotmail.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NELDA KELLOM, as personal representative of the estate of TERRANCE KELLOM, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL QUINN, Immigration and Customs Enforcement Agent,<br><br>Defendant. | Civil No. 17-cv-11084<br><br>Hon. Sean F. Cox<br>Mag. Anthony P. Patti |

| | |
|---|---|
| AYAD LAW, PLLC<br>Nabih H. Ayad (P59518)<br>645 Griswold Suite 2202<br>Detroit, MI 48226<br>P: (313) 983-4600<br>F: (313) 983-4665<br>ayadlaw@hotmail.com | US ATTORNEYS OFFICE<br>Brandon C. Helms<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>T: (313) 226-9639<br>brandon.helms@usdoj.gov |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER CERTIFYING THE COURT'S OPINION AND ORDER OF MAY 21, 2019 AS APPEALABLE PURSUANT TO FED. R. CIV. PRO. 54(b)

Plaintiff hereby states the following in support of their Motion for an Order Certifying the Court's Opinion and Order of May 21, 2019 as Appealable Pursuant to Fed. R. Civ. P. 54(b):

3

## PRELIMINARY STATEMENT

Through no fault of this honorable Court, the Sixth Circuit is looking to quickly decide whether or not they may hear Plaintiff's claim. Plaintiff will be asking the Circuit Court to hold in abeyance their decision until after this Court has decided the present motion. Plaintiff therefore humbly asks this Court to expedite its decision on this motion so that this case may be resolved, in its entirety, as quickly as possible.

## INTRODUCTION

This case arises out of the wrongful death of Terrance Kellom at the hands of Defendant, a federal agent. Plaintiff Nelda Kellom, Terrance's mother, brought this action on behalf of the estate of Terrance Kellom as its representative and also on behalf of herself, for the wrongful death of Terrance, pursuant to Michigan's wrongful death statute.

Plaintiff Nelda Kellom's wrongful death claim was dismissed on May 21, 2019 by this Court pursuant to the Federal Torts Claims Act.

On May 31, 2019, Plaintiff initiated an appeal of the May 21 decision to the Sixth Circuit Court of Appeals.

## STANDARD OF REVIEW

Under Rule 54(b) of the Federal Rules of Civil Procedure, a district court may, "[w]hen more than one claim for relief is presented in an action, ... direct the

entry of a final judgment as to one or more but fewer than all of the claims," provided that the court makes "an express determination that there is no just reason for delay and upon express direction for the entry of judgment." Compliance with the rule permits immediate appellate review of a district court's judgment even though the lawsuit contains unresolved claims. See *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994). To comply with the rule, a district court initially must expressly "direct the entry of final judgment as to one or more but fewer than all of the claims" in the case. *Id*. It then must determine whether "the needs of the parties" outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable. *Id*. at 1027.

On appeal, the Circuit Court reviews compliance with the first requirement *de novo*, *id*. at 1027, and compliance with the second requirement for an abuse of discretion, *id*.; see also *Curtiss–Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) and *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004).

## ARGUMENT

I. **To Certify Plaintiff's Claim for Appeal, the District Court Must First Determine that There is a Final Decision as to Plaintiff's FTCA Claims, and Then Determine that there is No Just Reason to Delay the Appeal of those Claims.**

Fed. R. Civ. P. 54(b) "relaxes the traditional finality requirement for appellate review" in order to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Lowery v. Federal Express Corp.*, 426 F.3d 817, 820 (6th Cir. 2005) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) and *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)). In *Sears, Roebuck & Co. v. Mackey, et. al.*, 351 U.S. 427, 435 (1956), the Supreme Court noted that Rule 54(b) provides "a practical means of permitting an appeal to be taken… **without waiting for final decisions to be rendered on all claims in the case**." *Id.* (emphasis added). As explained in *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 931 F. Supp. 1044, 1046 (E.D. NY 1996): "Rule 54 provides a mechanism to '**avoid the possible injustice of a delay in entering judgment**. . .' " *Id.* (emphasis added). In *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980), the Supreme Court directed that the district court follow a two-step inquiry in evaluating whether to certify a case for appeal under Rule 54. **First, the district court must determine whether there is a final decision, and second, the district court must determine that there is no just reason for delay**. *Id.*

The Sixth Circuit has given an unexhaustive list of five factors that district courts should consider in making this determination. That list includes:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986).

## II. There is No Just Reason for Delay because the Adjudicated Claims and Unadjudicated Claims are Not Significantly Legally Related and There is No Possibility that Plaintiff's FTCA Claims Might be Mooted or Set-Off.

First, factor number 1 weights heavily in favor of allowing appeal because it does not deal with the actual facts of the case, *e.g.*, whether or not there was a wrongful death or excessive force, or what events occurred on April 27, 2015 at Kevin Kellom's home, *etc*. Instead, the claim being appealed only deals with procedural facts of the litigation. That is, it is an issue of when, legally, a plaintiff's procedural actions are such that the Federal Torts Claims Act waives the United States sovereign immunity.

Second, as to factor 2, there is no realistic possibility of a development occurring in the district court that would moot Plaintiff's appeal. Plaintiff feels that

7

all of the possible outcomes of trial in the District Court would not preclude the need to appeal this highly important issue of law under the Federal Torts Claims Act.

Finally, factor 4 weighs in favor of Plaintiff because there are no counter-claims in this case for there to be any set-offs.

### III. There is No Just Reason for Delay, As There is No Risk that the Court of Appeals will Have the Same or Similar Issues Brought Before It Should Plaintiff be Allowed to Appeal the FTCA Issue.

The third of the factors specifically named by the Sixth Circuit, and the last of the non-"miscellaneous," is the chance of redundancy in the appeals. In determining whether there is no just reason for delay, the district court must consider "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The court must "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety". *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004). The Supreme Court in *Curtiss-Wright* specifically concluded that it "was therefore proper for the District Judge [] to consider… **whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals**." *Id*. (emphasis added).

In the present matter, there is absolutely no chance that the issue which Plaintiff wishes to appeal will also be appealable at the end of the current litigation. In other words, there is no risk of that redundancy wasting any court's time. That is because the only claim which Plaintiffs, as a whole, are currently looking to appeal is Plaintiff's state supplemental claim brought under the Michigan Wrongful Death statute (MCL 600.2922) and dismissed for lack of subject matter jurisdiction pursuant to 28 USC § 2675. The other, former, Plaintiffs wrongful death claims are being re-brought as a separate action, and no appeal of the same issue could arise from that action pursuant to § 2675 as 28 USC § 2679(d)(5), by function of law, grants this Court subject matter jurisdiction over the former Plaintiffs' claims.

Likewise, the remaining Plaintiff does not have a wrongful death claim under MCL 600.2922 and there is no chance that they will have anything dismissed pursuant to the Federal Torts Claims Act, § 2675.

Therefore, there is simply no chance that the Court of Appeals will have to hear the same, or even similar, issues on appeal in this case. According to the United States Supreme Court, in one of their defining Fed. R. Civ. P. 54(b) cases, this is a major factor that should be considered and weighs heavily in favor of certifying the partial judgement as a partial final judgement appealable to the Sixth Circuit. See *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980).

**IV. There is No Just Reason for Delay, As Trial is Distant Enough in the Future that the Court of Appeals can Rule Before It is Set to Begin.**

On May 28, 2019, this Court tentatively reset the trailing trial date for "September/October 2019." It is currently July 9, 2019 and, at a minimum, it will be a month and several weeks before a trial is to begin in this matter. If this motion is granted, then in the timespan between now and trial, the Circuit Court could rule on the issue in question and save the added expenditure of time and resources of the District Court, Circuit Court, the US Attorney's, and Plaintiffs should the case be forced to go to trial first and then the FTCA issue be appealed.

**V.     There is No Just Reason for Delay, As In the Present Matter, Resources Matter Greatly and the Certification of Appeal may Save the Need for Two Additional Trials.**

The present matter risks going to trial three separate times, wasting this Court's precious time, the government's resources, and the parties' effort and emotional well-being. The current claims are set to go forward to trial in late September or early October of this year. There is also a pending case before this Court by this cases former Plaintiffs who bring their own FTCA wrongful death claims. Lastly, there is Plaintiff Nelda Kellom, whose claims were dismiss and who will have to bring them again in another action if the appeal cannot go forward.

Otherwise, should this Court's decision be reversed, much of the expense of discovery and trial would likely have to be duplicated, once or twice, in order to accommodate the dismissed Plaintiffs and Defendant who were not present.

10

Potentially, the case could be tried three times. Decisions in the first trial might give rise to an appeal and if there is a second trial, those same issues may give rise to another appeal. From a standpoint of judicial economy, both at the trial level and the appellate level, this case should only be tried once. Therefore, Plaintiff's motion to certify the opinion and order of May 21, 2019 as partial final judgements able to be appealed should be granted.

**VI.   There is No Just Reason for Delay, As Plaintiff is likely to Prevail on the Merits of their Appeal.**

Plaintiff's appeal deals solely with the dismissal of the claims of the Estate of Terrance Kellom against the United States from the action. This Court held that Plaintiff's new claims, initially filed in Plaintiff's Amended Complaint and which were the first claims brought against the United States, cannot constitute a newly initiated action against the United States based on four precedential cases. Those four cases included a United States Supreme Court case which states: "Our grant of certiorari did not encompass the question whether a new action had been filed in August [rather than when the complaint was actually filed] and we therefore express no opinion as to the correctness of the Court of Appeals' ruling on that issue." *McNeil v. U.S.*, 508 U.S. 106, 110 (1993). The second case was a Circuit Court case also cited by Plaintiff, *Duplan v. Harper*, 188 F.3d 1195 (10th Cir. 1999), which implicitly ruled that the FTCA's jurisdiction limitation does not always bar claims initiated with amended complaints when it held that "the filing

11

of the [plaintiff's] amended complaint was properly construed as instituting a new action against the government." *Id*. at 1200.

The other two cases appear to be unpublished and rely heavily on the *McNeal* and *Duplan* opinions. They also have very dissimilar fact-patterns to the present matter. In *Brown v. U.S.*, 1:07 CV 3750, 2010 WL 11610545 (N.D. Ohio Apr. 8, 2010), the Court seemed unsure of whether or not dismissal of the plaintiff's claims against the United States was necessary, but did so anyway as a "precautionary measure."

> Now pending before the court in the above-captioned case is Defendant United States of America's ("Defendant" or "United States") Motion to Dismiss Common Law Tort Claims or, in the Alternative, Motion for Summary Judgment with Respect to Common Law Tort Claims (ECF No. 107). **Plaintiff Danny Brown ("Plaintiff" or "Brown") has not filed a response to this Motion**.
>
> * * * *
>
> Consequently, **as a precautionary measure**, the court shall dismiss these claims against the United States, but Plaintiff, if he wishes to continue, shall refile the claims with this court as a related case.

*Brown v. U.S.*, 1:07 CV 3750, 2010 WL 11610545, at *1-2 (N.D. Ohio Apr. 8, 2010). Finally, this Court relied on another case, *VanHorn v. Walton*, 2013 WL 119252 at *2 (E.D. Mich. 2013), which Plaintiff feels is entirely inapplicable for several reasons. First, because the plaintiff in that case filed their initial complaint against a United States agency, not a United States employee who had not yet been certified as acting within the scope of his federal employment. Second, the plaintiff

12

never administratively exhausted his claims with that agency, as at the time of the opinion VanHorn appears to have not received an administrative denial and six months had not yet passed since his filing of his complaint. Under these last set of circumstances it is obvious that VanHorn's amending his complaint could not cure his premature filing, where even a newly filed complaint would have still been premature at that time.

To summarize, of the four cases relied upon by the Court, the Supreme Court case and the Circuit Court case both appear to favor Plaintiff's position, while the two unpublished District Court cases appear to neither support nor go against Plaintiff's position. Plaintiff feels that for this reason, they possess a substantial likelihood of succeeding on the merits in the Circuit Court.

## VII. There is No Just Reason for Delay, As Plaintiff will be Irreparably Harmed if No Stay Issues.

Plaintiff, the Estate of Terrance Kellom, will be irreparably harmed if a stay is not ordered because an intensive and lengthy trial will commence against Defendant Agent Quinn, likely during the appeals process, and multiple issues will be raised if the Court of Appeals then overrules the current holding.

Irreparable harms include the inefficiency of Plaintiff being forced undergo the rigors of trial and testimony twice, of having to prepare for and participate in multiple trials for the same issue. If there is a defect with the first trial that either party must appeal, then an appeal of the first trial could be proceeding in Circuit

Court while the second trial against the United States is also proceeding in District Court. Not only would this constitute real harm to Plaintiff's case, but the concurrent or near concurrent litigation would multiply the chances of other irreparable harm to Plaintiff.

From any of these possible situations issues of *res judicata* would likely arise, possibly barring the raising of important issues during the second trial. Where *res judicata* issues did not arise, Plaintiff's would be likely forced to relitigate those specific issues. If this required family testimony, the irreparable harm caused by such traumatic experiences cannot be overstated, especially when the experience is duplicative and unnecessary.

Finally, there is a chance that Plaintiff would lose the right to a jury trial in their case against the United States, should they be required to go to a second trial.

## CONCLUSION

WHEREFORE, Plaintiffs ask this honorable Court to GRANT their Motion and order the following:

    a. That the Judgement of May 21, 2019 is a partial final judgement pursuant to Fed. R. Civ. P. 54(b) of Plaintiff's FTCA claims;

    b. That, for the above-stated reasons, there is no just reason for delay of Plaintiff Nelda Kellom's appeal of the partial final judgement; or

    c. In the alternative, to issue a revised version of the May 21 Opinion

and Order (ECF No. 112) with the requests a. and b. added to the Opinion and Order itself.

Respectfully submitted,

AYAD LAW, PLLC

*/s/Nabih H. Ayad*
Nabih H. Ayad (P59518)
645 Griswold Suite 2202
Detroit, MI 48226
P: (313) 983-4600
F: (313) 983-4665
ayadlaw@hotmail.com

Dated: July 9, 2019

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 9, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

    Brandon C. Helms
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226
    T: (313) 226-9639
    brandon.helms@usdoj.gov

                                          Respectfully submitted,

                                          */s/Nabih H. Ayad*
                                          Nabih H. Ayad (P59518)
                                          645 Griswold Suite 2202
                                          Detroit, MI 48226
                                          P: (313) 983-4600
                                          F: (313) 983-4665
Dated: July 9, 2019                     ayadlaw@hotmail.com