UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nelda Kellom, as Personal Representative
of the Estate of Terrance Kellom, deceased, *et al.,*

    Plaintiffs,

v.                                                  Case No. 17-11084

Immigration and Customs Enforcement       Sean F. Cox
Agent Mitchell Quinn,                            United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## PLAINTIFFS' MOTIONS FOR TRANSCRIPTS
## AT GOVERNMENT'S EXPENSE UNDER 28 U.S.C. § 753(f)

A final judgment was issued in this civil action on November 5, 2019. Thereafter, the six plaintiffs named in this action filed a Notice of Appeal, seeking to appeal various rulings by this Court. That appeal is currently pending. The matter is currently before this Court on Plaintiffs' motions seeking transcripts of hearing and trial proceedings at the government's expense, under 28 U.S.C. § 753(f). Plaintiffs have asked this Court to give the motions expedited consideration. As such, the Court is ruling without awaiting a response from the government. For the reasons explained below, the motions are DENIED.

**BACKGROUND**

A young man named Terrance Kellom was shot and killed when a United States Marshal Detroit Fugitive Apprehension Team was attempting to arrest him. Acting through counsel, his Estate and several relatives then filed this civil action, asserting multiple claims against several

1

Defendants. Plaintiffs paid the required filing fee for this civil action and did not seek to proceed in forma pauperis in this case.

The following six Plaintiffs asserted claims in this action: 1) Nelda Kellom, individually and as the personal representative of the Estate of Terrance Kellom; 2) Lawanda Kellom; 3) Terrell Kellom; 4) Kevin Kellom; 5) Teria Kellom; and 6) Janay Williams.

A number of claims were dismissed in connection with motions to dismiss and then, following the close of discovery, Defendants filed summary judgment motions as to the remaining claims. In an Opinion and Order issued on May 21, 2019, this Court denied Defendant Mitchell Quinn's request for summary judgment as to the Estate's excessive force claim. As to all remaining claims, this Court granted summary judgment in favor of Defendants.

This Court's May 21, 2019 Opinion and Order did not dispose of all claims in this action and no judgment was issued in this case. Nevertheless, on May 31, 2019, Plaintiffs' counsel filed a "Notice of Appeal of Dismissal of FTCA Claims" in this case and paid a filing fee of $505.00. (*See* ECF No. 122). That notice of appeal resulted in Case No. 19-1633 being opened in the United States Court of Appeals for the Sixth Circuit ("Appeal Case No. 19-1633").

A district court may ignore a notice of appeal from a plainly nonappealable order. *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981). As such, this Court continued to hear and rule upon motions in this case that were filed after Plaintiffs filed the Notice of Appeal.

On June 19, 2019, the Estate filed a "Motion To Stay Pending Appeal" in this case. This Court denied that motion (*see* ECF No. 146) and ruled that the jury trial as to the sole claim remaining against Defendant Quinn would proceed.

After the Sixth Circuit issued an order requiring Plaintiff to show cause why Appeal Case

No. 19-1633 should not be dismissed for lack of a final judgment, Plaintiff filed a "Motion For An Order Certifying The Court's Opinion And Order Of May 21, 2019 As Appealable Pursuant To Fed. R. Civ. Pro. 54(b)." (ECF No. 141).

Meanwhile, the parties prepared for the jury trial as to the remaining claim against Defendant Quinn. That claim proceeded to a jury trial beginning on October 22, 2019. On November 4, 2019, the jury returned a verdict on Plaintiff's excessive force claim against Defendant Quinn, finding no cause of action. On November 5, 2019, a final judgment was issued in this action. (ECF No. 215).[1]

On December 29, 2019, Counsel for Plaintiffs filed a second Notice of Appeal in this case and paid the required $505.00 filing fee. The Notice of Appeal expressly states that "*all Plaintiffs* hereby appeal to the United States Court of Appeals for the Sixth Circuit." (*Id*. at PageID.4370) (emphasis added). The Notice of Appeal identifies multiple orders and rulings in this case that Plaintiffs are appealing.

On January 13, 2020, the Sixth Circuit issued an order dismissing Appeal Case No. 19-1633 for want of prosecution, after Plaintiffs failed to file the civil appeal statement and transcript Purchase Order entry. (ECF No. 212).

On January 22, 2020, Plaintiffs' Counsel filed two separate motions (ECF Nos. 220 & 221), asking this Court to enter an order requiring the government to pay the costs of the transcripts that Plaintiffs' Counsel has ordered from two different court reporters. In support of

---

[1] This Court also issued orders denying Defendants Rule 50 Motion, and Plaintiffs' motion asking this Court to certify some previously-dismissed claims for an interlocutory appeal, as moot.

3

these motions, Plaintiffs attached affidavits from Nelda Kellom and Kevin Kellom and order forms sent to the two court reporters. The motion does not state the quoted cost of those transcripts but the cost appears substantial, based on the number of hearings and trial days listed on the order forms, and based on Plaintiffs' representation that one court reporter is requiring a deposit of $949.00 and the other is requiring a deposit of $2,500.00.

On January 23, 2020, Plaintiffs' Counsel filed a supplemental brief relating to both motions, asking the Court to expedite its consideration of the motions. (ECF No. 221). Despite this Court being in the midst of a bench trial in a trademark case (Case No. 17-12131) that began on January 21, 2020, this Court has given the motions expedited consideration.

**ANALYSIS**

Plaintiffs bring the instant motions requesting copies of transcripts at the government's expense under 28 U.S.C. § 753(f), which provides:

> **(f)** Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. *Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).* The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

4

28 U.S.C. § 753(f) (emphasis added).

"Under 28 U.S.C. § 753(f), the United States shall pay the fees for transcripts provided to *an individual with pauper status* if the trial judge or circuit judge certifies that the appeal is not frivolous, but presents a substantial question." Amadasu v. Mercy Franciscan Hosp., 515 F.3d 528, 530 (6th Cir. 2008) (emphasis added); *see also Corder v. United States*, 205 F.3d 1339, 2000 WL 191742 at *2 (6th Cir. 2000) ("Civil litigants are entitled to a free transcript at government expense if they are proceeding in forma pauperis and either the district court judge or circuit court judge 'certifies that the appeal is not frivolous (but presents a substantial question).'"). Accordingly, in order to receive transcripts at the government's expense under § 753(f), the following are required: 1) the person making the request must be an individual proceeding in forma pauperis; and 2) the trial or appellate court must certify that the appeal is not frivolous and presents a substantial question.

Notably, Plaintiffs did not proceed in forma pauperis during this district court case, and are not proceeding in forma pauperis on appeal. To the contrary, Plaintiffs paid all of the required filing fees in this district court case and on appeal (where they paid two filing fees). As such, Plaintiffs are not entitled to a free transcript at the government's expense under 28 U.S.C. § 753(f). *Amadasu, supra*; *Corder, supra* at *2 (Denying motion for transcript at government's expense under § 753(f) because the plaintiff in the civil action was not proceeding in forma pauperis, as he had paid the required filing fee); *Walker v. Calfee Co. of Dalton, Inc.*, 145 F.3d 1335, 1998 WL 246339 (6th Cir. 1998) (Explaining that Walker, the plaintiff in a § 1983 civil rights action, "is not proceeding in forma pauperis, either in the district court or on appeal; rather,

he has paid the filing fees. Since Walker is not proceeding in forma pauperis, he cannot receive a transcript at government expense" under § 753(f)); *Cottrell-El v. Rabideau*, 182 F.3d 916, 1999 WL 454706 at * 1 (6th Cir. 1999) (Explaining that because the plaintiff in the § 1983 action "is not proceeding in forma pauperis, and neither the district court judge nor a circuit court judge has certified that the appeal is not frivolous, he cannot receive a transcript at government expense.").

In addition, to the extent that the pending motions are asking this Court to determine that Plaintiffs should now be granted "retroactive" in forma pauperis status, after this case has already proceeded to a final judgment and after the appeal fees have been paid, that request is denied. Even if this Court had the authority to make such a ruling, Plaintiffs have not adequately supported their assertion that they lack the financial means to pay for the transcripts they desire. Plaintiffs' briefs and the affidavits filed by Nelda and Kevin Kellom reflect that those two individuals have a combined annual income of $35,748.00 and, to date, have not paid *any* of the costs or expenses involved in this litigation – that have all been paid by their retained counsel. (*See* Briefs at 5; Affidavits at ¶ 10). And significantly, there are *six Plaintiffs* in this case and they are *all* appealing this Court's rulings to the Sixth Circuit. As the Affidavits provided by Nelda Kellom and Kevin Kellom reflect, the other named Plaintiffs in this action are adults: 1) Teria Kellom, age 32; 2) Lawanda Kellom, age 29; and 3) Terrell Kellom, age 23. Plaintiff Janay Williams, who testified at trial, is also an adult. Yet *no financial affidavits* have been provided by Plaintiffs Teria Kellom, Lawanda Kellom, Terrell Kellom, or Janay Williams.

Moreover, even if Plaintiffs had in forma pauperis status, in order to obtain trial transcripts at the government's expense under § 753(f), this Court (or the Sixth Circuit) would have to certify that the appeal is not frivolous and presents a substantial question. Here,

6

however, Plaintiffs are seeking to appeal numerous rulings in this case and this Court concludes that some of them are frivolous. For example, Plaintiffs are seeking to appeal this Court's denial of their request to certify an interlocutory appeal, made in connection with Appeal Case 19-1633[2], even though there has already been a final judgment issued in this case that allows Plaintiffs to appeal all issues in their current appellate case.

Accordingly, for all of these reasons, the Court **ORDERS** that Plaintiffs' motions seeking transcripts at the government's expense under 28 U.S.C. § 753(f) are **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 28, 2020

---

[2]An appeal that was ultimately dismissed for Plaintiffs' failure to prosecute.